UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ARREL BEASLEY,

                      Plaintiff,                              **AMENDED COMPLAINT**

                                                                  **09 CV 1317 (JG)(RML)**

       -against-                                        **JURY TRIAL DEMANDED**

                                                                       **ECF CASE**

THE CITY OF NEW YORK, P.O. PETER SEGERDAHL,
Shield No. 25330, Individually and in his Official Capacity,
SGT. MICHAEL WHITE, Individually and in his Official Capacity,
SGT. PRIMROSE HOUSEN, Individually and in his Official Capacity,
P.O. CHRISTIAN HOELL, Individually and in his Official Capacity,
P.O. KHAMWATEE BRIJBUKHAN, Individually and in his Official
Capacity and P.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacities, (the name "John Doe" being fictitious, as the true
names are presently unknown),

                      Defendants.
-------------------------------------------------------------------------------X

       Plaintiff ARREL BEASLEY, by his attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ARREL BEASLEY is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. PETER SEGERDAHL, SGT. MICHAEL WHITE, SGT. PRIMROSE HOUSEN, P.O. CHRISTIAN HOELL, P.O. KHAMWATEE BRIJBUKHAN and P.O.s "JOHN DOE" #1-#10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On February 1, 2007, at approximately 9:20 p.m., plaintiff ARREL BEASLEY was lawfully present at the location of Grand Avenue and Gates Avenue, in the County of Kings, in the City and State of New York.

14. At the aforesaid time and place, plaintiff ARREL BEASLEY was suddenly accosted by several members of the New York City Police Department.

15. Thereafter, defendants unlawfully searched plaintiff ARREL BEASLEY but did not find any evidence of drugs or contraband.

16. Notwithstanding this fact, defendants continued to unlawfully detain plaintiff.

17. Thereafter, defendants conducted an even more invasive search, pulling back the waistband of plaintiff ARREL BEASLEY's pants, and looking down his pants for drugs and/or contraband.

18. Plaintiff ARREL BEASLEY strongly objected to this, but defendants shouted a series of expletives and threats in response to plaintiff's objections.

19. Notwithstanding this unlawful search, defendants still did not recover any incriminating evidence from plaintiff ARREL BEASLEY.

20. Thereafter, defendants grabbed plaintiff ARREL BEASLEY and forcibly placed him up against the wall of the building located at 362 Grand Avenue, in the County of Kings, in the City and State of New York.

21. At this point, defendant P.O. PETER SEGERDAHL put his hand on plaintiff's left shoulder.

22. When plaintiff ARREL BEASLEY turned his head back to see who was touching him, defendant P.O. PETER SEGERDAHL then struck the left side of plaintiff's face with a baton, causing severe and permanent injuries to plaintiff's face. See Exhibit A (photographs depicting plaintiff's facial injuries).

23. Thereafter, defendant P.O. PETER SEGERDAHL continued to strike plaintiff repeatedly, without just cause or provocation.

24. The other individually named defendants witnessed this unlawful assault, but failed to intercede to stop this vicious attack.

25. Thereafter, several of the other individually named defendants participated in this unlawful assault, repeatedly kicking and striking plaintiff while he was on the ground.

26. After the attack was over, P.O. PETER SEGERDAHL stated to plaintiff ARREL BEASLEY, "next time, don't tell me how to do my f-----g job."

27. Thereafter, defendants formally charged plaintiff with committing multiple offenses, including but not limited to, criminal possession of stolen property, resisting arrest, and criminal possession of a controlled substance.

28. Defendants knew that plaintiff ARREL BEASLEY had not committed any of these crimes, but nonetheless charged him with these offenses in order to conceal their own unlawful and egregious misconduct.

29. In connection with this unlawful arrest, defendants filled out false and misleading police reports, and forwarding these false reports to prosecutors in the Kings County District Attorney's Office.

30. As a result of defendants' unlawful use of force, plaintiff ARREL BEASLEY suffered multiple broken bones in his face, including but not limited to, fractures to his left orbital rim, left orbital floor, left orbital wall, left zygomatic orbital arch, left anterior maxillary sinus wall, left lateral maxillary sinus wall, and left nasal bone.

31. Plaintiff's fractures were so severe that the doctors were forced to surgically repair his face via a technique known as "open reduction internal fixation", in which the surgeon inserts a metal plate and screws in order to secure multiple bone fragments together.

32. As a result of defendants' unlawful attack, plaintiff ARREL BEASLEY spent five (5) days at Woodhull hospital, from February 2, 2007 until February 7, 2007.

33. During this time, plaintiff ARREL BEASLEY was unlawfully handcuffed to his bed, greatly exacerbating the painful condition which was already in.

34. Upon his release from the hospital, plaintiff ARREL BEASLEY was thereafter transported to Rikers Island, where he was unlawfully confined for another day before he could post bail.

35. Thereafter, plaintiff ARREL BEASLEY was required to make multiple court appearances to defend himself against the baseless charges which defendants had lodged against him.

36. Notwithstanding the unlawful and grossly improper conduct of defendants, on October 15, 2007, all criminal charges against plaintiff ARREL BEASLEY were dismissed.

37. As a result of defendants' unlawful actions, plaintiff ARREL BEASLEY suffered severe bodily injuries, severe emotional distress, humiliation, a significant deprivation of liberty, and disruption of his career path as a computer technician.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiff ARREL BEASLEY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

44. The acts complained of deprived plaintiff ARREL BEASLEY of his rights:

   A. Not to have excessive force imposed upon him;

   B. Not to have summary punishment imposed upon him; and

   C. To receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff ARREL BEASLEY's constitutional rights.

47. As a result of the foregoing, plaintiff ARREL BEASLEY sustained, severe bodily injuries including, but not limited to, fractures to his left orbital rim, left orbital floor, left orbital wall, left zygomatic orbital arch, left anterior maxillary sinus wall, left lateral maxillary sinus wall, and left nasal bone.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of defendants' aforementioned conduct, plaintiff ARREL BEASLEY was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants searched plaintiff ARREL BEASLEY in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

53. As a result of the foregoing, plaintiff ARREL BEASLEY was subjected to an illegal and improper search.

54. The foregoing unlawful search violated plaintiff ARREL BEASLEY's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants misrepresented and falsified evidence before the District Attorney.

57. Defendants did not make a complete and full statement of facts to the District Attorney.

58. Defendants withheld exculpatory evidence from the District Attorney.

59. Defendants misrepresented and falsified evidence before the Grand Jury.

60. Defendants did not make a complete and full statement of facts to the Grand Jury.

61. Defendants withheld exculpatory evidence from the Grand Jury.

62. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Beasley.

63. Defendants lacked probable cause to initiate criminal proceedings against Mr. Beasley.

64. Defendants acted with malice in initiating criminal proceedings against Mr. Beasley.

65. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Beasley.

66. Defendants lacked probable cause to continue criminal proceedings against Mr. Beasley.

67. Defendants acted with malice in continuing criminal proceedings against Mr. Beasley.

68. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

69. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Beasley's favor on October 15, 2007, when all charges against him were dismissed.

70. As a result of defendants' unlawful actions, plaintiff ARREL BEASLEY suffered severe bodily injuries, severe emotional distress, humiliation, a significant deprivation of liberty, and disruption of his career path as a computer technician.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants issued legal process to place plaintiff ARREL BEASLEY under arrest.

73. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

74. Defendants acted with intent to do harm to plaintiff ARREL BEASLEY, without excuse or justification.

75. As a result of defendants' unlawful actions, plaintiff ARREL BEASLEY suffered severe bodily injuries, severe emotional distress, humiliation, a significant deprivation of liberty, and disruption of his career path as a computer technician.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "75" as if the same were more fully set forth at length herein.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ARREL BEASLEY.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the

constitutional violations suffered by ARREL BEASLEY as alleged herein.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ARREL BEASLEY as alleged herein.

82. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ARREL BEASLEY was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

83. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ARREL BEASLEY.

84. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ARREL BEASLEY 's constitutional rights.

85. All of the foregoing acts by defendants deprived plaintiff ARREL BEASLEY of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon him;

    B. Not to have summary punishment imposed upon him; and

    C. To receive equal protection under the law.

86. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual efendants in the sum of one million dollars ($1,000,000.00).

**EIGHTH CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S**
**<u>MEDICAL NEEDS UNDER 42 U.S.C. § 1983</u>**

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants knew that plaintiff had sustained serious bodily injuries as a result of their unlawful use of force.

89. Notwithstanding this fact, defendants intentionally and deliberately delayed getting proper medical care and treatment for plaintiff ARREL BEASLEY.

90. Defendants also greatly exacerbated plaintiff ARREL BEASLEY pain and suffering by needlessly handcuffing him to a bed rail for the entire time he was in the hospital.

91. In failing to provide plaintiff ARREL BEASLEY with proper medical care and treatment for his injuries, defendants exhibited a deliberate indifference to the health, safety and welfare of plaintiff ARREL BEASLEY, in violation of plaintiff's constitutional rights as secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

## NINTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "91" as if the same were more fully set forth at length herein

93. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiff ARREL BEASLEY.

94. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

95. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff ARREL BEASLEY: (a) manufactured false evidence; (b) pressured, bribed, coerced and induced witnesses to give untruthful, erroneous, incomplete and/or misleading statements and testimony; (c) failed to correct such false statements and testimony; and (d) withheld from the grand jury, petit jury and trial judge evidence favorable to the accused on the issue of guilt or innocence.

96. The aforesaid conduct of defendants operated to deprive plaintiff ARREL BEASLEY of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

(a) Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

(b) Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official;

(c) Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon the testimony of witnesses who had been illegally bribed or influenced for their testimony; and

(d) To timely disclosure of all evidence favorable to the defense on the issues of guilt or innocence and/or punishment, pursuant to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

97. The foregoing violations of plaintiff ARREL BEASLEY's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

**WHEREFORE**, plaintiff ARREL BEASLEY demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       January 6, 2010

                                        BY:    _____/S_____
                                               JON L. NORINSBERG (JN-2133)
                                               Attorney for Plaintiff
                                               225 Broadway, Suite 2700
                                               New York, N.Y. 10007
                                               (212) 791-5396